UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>    v.<br><br>JAVIER ADRIAN CASTRO-CASTRO,<br><br>            Defendant. | NO. CR-07-6020-EFS<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS** |

    On November 9, 2007, the Court held a hearing in the above-captioned matter. Defendant Javier Adrian Castro-Castro was present, represented telephonically by Nicholas Marchi. Assistant United States Attorney Thomas Hanlon appeared on behalf of the Government. Before the Court was Defendant's Motion and Memorandum Re: Dismiss Indictment. (Ct. Rec. 25.) The Court took Defendant's motion under advisement and later requested supplemental briefing on whether service was sufficient under 8 C.F.R. § 103.5a(c)(2). After reviewing submitted material, relevant authority, and hearing oral argument, the Court is fully informed and denies Defendant's motion.

ORDER ~ 1

## I. Background

On December 8, 1998, Defendant pleaded guilty to Assault in the Third Degree, an aggravated felony, and was sentenced to eighteen (18) months confinement. On March 5, 1999, Special Agent Michael P. Williams, an officer for the United States Immigration and Naturalization Service ("INS"),[1] served a Notice of Intent to Issue a Final Administrative Order ("Notice of Intent") on Defendant by sending the Notice via certified mail "care of" the Oregon State Correctional Institution ("OSCI"). The return receipt received by INS officials indicated the Notice of Intent was delivered on March 9, 1999. On March 29, 1999, Defendant was ordered removed under 8 U.S.C. § 1227(a)(2)(A)(iii)[2] based on his conviction for an aggravated felony. Defendant is currently before the Court after being indicted on May 15, 2007, for being an alien in the United States after deportation. (Ct. Rec. 1.)

## II. Discussion

A defendant charged with illegal reentry under 8 U.S.C. § 1326 has a Fifth Amendment right to collaterally attack his removal order. *United States v. Ubaldo-Figueroa,* 364 F.3d 1042, 1047-48 (9th Cir. 2004). To sustain a collateral attack, a defendant must show that (1) he exhausted

---

[1] INS was part of the United States Department of Justice, but it ceased to exist on March 1, 2003. INS' functions were largely transferred to the United States Immigration and Customs Enforcement, a branch of the Department of Homeland Security.

[2] Under 8 U.S.C. § 1227(a)(2)(A)(iii), any "alien who is convicted of an aggravated felony at any time after admission is deportable."

ORDER ~ 2

all administrative remedies, (2) the underlying removal proceedings where the order was issued deprived him of the opportunity for judicial review, and (3) the entry of the order was fundamentally unfair. *Id.* at 1048.

An underlying removal order is "fundamentally unfair" if: (1) a defendant's due process rights are violated by defects in the underlying deportation proceeding, and (2) he suffered prejudice as a result of the defects. *Id.* (citations omitted). The "fundamentally unfair" test is phrased in the conjunctive, requiring both prongs to be satisfied for a removal order to be improper. Each prong will be addressed in turn.

**A. Due Process Violation**

Defendant argues his due process rights were violated because he was never advised of his rights to seek review or contest the grounds of deportability. (Ct. Rec. 25 at 3.) The Government responds that the Notice of Intent was properly sent via certified mail to Defendant care of OSCI. (Ct. Rec. 27 at 2.)

Aggravated felons are subject to expedited administrative removal. *See* 8 U.S.C. § 1228(b); *United States v. Hernandez-Vermudez,* 356 F.3d 1011, 1012 (9th Cir. 2004). Proceedings under § 1228(b) are governed by 8 C.F.R. § 238.1. Under § 238.1, removal proceedings commence when the alien is served with the Notice of Intent in conformance with 8 C.F.R. §§ 103.5a(a)(2) & 103.5a(c)(2). *See* 8 C.F.R. § 238.1(b)(2)(i).

Section 103.5a(a)(2) states that personal service includes "[m]ailing a copy [of the Notice of Intent] by certified or registered mail, return receipt requested, addressed to a person at his last known address." 8 C.F.R. § 103.5a(a)(2). When an alien is confined, "service

shall be made both upon him and upon the person in charge of the institution . . . ." *Id.* § 103.5a(c)(2).

### 1. Section 103.5a(a)(2)(iv)

Here, in an Order on November 13, 2007, the Court concluded personal service was sufficient under 8 C.F.R. § 103.5a(a)(2)(iv),[3] but withheld decision on whether service was sufficient under 8 C.F.R. § 103.5a(c)(2) pending further briefing. (Ct. Rec. 33.) Despite the Court's finding, Defendant's supplemental briefing cites new Ninth Circuit authority - *Chaidez v. Gonzales,* 486 F.3d 1079 (9th Cir. 2007) - for the proposition that the Government's method of service was insufficient. *Chaidez*, however, is distinguishable because it dealt with service of an Order to Show Cause (a different form) under 8 U.S.C. § 1252b(a)(1) (a different statute that is now repealed) that required the government to establish by clear, unequivocal, and convincing evidence that the written notice was properly provided (a burden that does not exist here). Moreover, the the Ninth Circuit actually noted in *Chaidez* that the personal service

---

[3]The Court made this finding because the Government mailed the Notice of Intent via certified mail to Defendant care of OSCI and received back the "Domestic Return Receipt" showing the Notice of Intent was delivered on March 9, 2007. And as stated in the Court's previous Order (Ct. Rec. 33), while there is no evidence Defendant signed for and received the Notice of Intent, § 103.5a(a)(2) does not require that the *addressee* sign for and acknowledge delivery; § 103.5a(a)(2) only requires that the Notice of Intent be mailed "by certified . . . mail, return receipt requested, addressed to a person at his last known address."

ORDER ~ 4

requirements have changed and now permit personal service by "mailing a copy by certified or registered mail, return receipt requested, addressed to a person at his last known address." 486 F.3d at 1083 n.5. Accordingly, personal service was sufficient under 8 C.F.R. § 103.5a(a)(2)(iv).

**2. Section 103.5a(c)(2)**

The Court ordered supplemental briefing on whether personal service was sufficient under § 103.5a(c)(2) because it was unclear if both Defendant and the person in charge of the institution were served.[4] In its supplemental briefing, the Government states that service on the person in charge of the institution was effected because the Notice of Intent was mailed via certified mail to Defendant care of OSCI - "care of" implying that OSCI and the person in charge of the institution first possessed the Notice of Intent before providing it to Defendant. (Ct. Rec. 34 at 3.) Defendant responds that the Government cannot show that the head of the institution was served. (Ct. Rec. 35 at 2.)

After considering the supplemental briefing, the Court finds personal service was sufficient under § 103.5a(c)(2). To be sure, the record indicates that only one copy of the Notice of Intent was sent via certified mailed to OSCI. But that Notice was addressed to Defendant "care of" OSCI - this means the Notice was in OSCI and the head of the institution's custody before being distributed to Defendant. The Court

---

[4] 8 C.F.R. § 103.5a(c)(2) states in pertinent part: "If a person is confined in a penal institution . . . service shall be made upon both him and upon the person in charge of the institution . . . ."

ORDER ~ 5

finds this sufficient to satisfy § 103.5a(c)(2)'s service requirements.

**B. Prejudice**

Even if a reviewing court found a due process violation, Defendant's removal order is not fundamentally unfair because he cannot demonstrate prejudice. To show prejudice, a defendant must demonstrate plausible grounds for relief from deportation. *United States v. Garcia-Martinez,* 228 F.3d 956, 963 (9th Cir. 2000).

Here, Defendant's deportation is a foregone conclusion because he was convicted of an aggravated felony, a point Defendant concedes.[5] *Id.* (citing *United States v. Esparza-Ponce,* 193 F.3d 1133, 1136 (9th Cir. 1999)). Defendant argues demonstrating prejudice is unnecessary because the failure of an agency to follow its own rules violates due process rights. *See Montilla v. INS,* 926 F.2d 162, 169 (2d Cir. 1991). *Montilla* is distinguishable because it rejected the "prejudice test" with respect to the right to counsel, not in the context of an aggravated felony. *Id.* at 169.

### III. Conclusion

Because Defendant cannot demonstrate either a due process violation or prejudice, his motion is denied.

Accordingly, **IT IS HEREBY ORDERED**: Defendant's Motion and Memorandum Re: Dismiss Indictment **(Ct. Rec. 25)** is **DENIED**.

---

[5] Under 8 U.S.C. 1228(b), no alien deportable as an aggravated felon under § 1227(a)(2)(A)(iii) "shall be eligible for any relief from removal that the Attorney General may grant in the Attorney General's discretion." *Garcia-Martinez,* 228 F.3d at 963.

ORDER ~ 6

1   **IT IS SO ORDERED.** The District Court Executive is directed to enter
2   this Order and to provide copies to all counsel and the U.S. Marshal.
3   **DATED** this ___21st___ day of November 2007.

4

5                               S/ Edward F. Shea
                                 EDWARD F. SHEA
6                          United States District Judge

7
Q:\Criminal\2007\6020.Dismiss.wpd
8

ORDER ~ 7